# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: BODY SCIENCE LLC
PATENT LITIGATION                                                          MDL No. 2375

## TRANSFER ORDER

**Before the Panel:** Pursuant to 28 U.S.C. § 1407, patentholder Body Science LLC (Body Science) seeks centralization of five actions involving two patents entitled "Wireless Medical Diagnosis and Monitoring Equipment" in the Northern District of Illinois. This litigation currently consists of the five actions, pending in five districts, listed on Schedule A.

All defendants oppose centralization. All defendants expressing a preference for a transferee forum – Northern District of California defendant A&D Engineering, Inc. (A&D), Eastern District of New York defendant Polar Electro, Inc. (Polar), and District of Minnesota defendant Boston Scientific Corp. (Boston Scientific) – suggest selection of the District of Massachusetts as the transferee forum. Northern District of Illinois defendant LifeWatch Services, Inc. also suggests the Northern District of Illinois as a transferee forum. A&D, at oral argument, also suggested selection of the District of Minnesota as a transferee forum.

Before us are five patent infringement actions brought by Body Science against five manufacturers of various health monitoring equipment with a wireless function. The products at issue include cardiac defibrillators, heart monitors for humans, equine monitors, weight scales, blood pressure monitors, portable ultrasounds and echocardiographs and meters to monitor lung functions. At issue in each action are two patents entitled "Wireless Medical Diagnosis and Monitoring Equipment." U.S. Patent No. 6,289,238 ('238 patent) issued on September 11, 2001, and U.S. Patent No. 7,215,991 ("the '991 patent") issued on May 8, 2007. Body Science asserts that the defendants' products infringe the patents by having at least one sensor for detecting an electrical, physical, chemical, or biological property of a patient, a digital-to-analog converter coupled to the sensor and a digital transmitter and receiver for wireless communication with an evaluation station.

Defendants oppose centralization largely because the accused devices operate differently (and may implicate different issues regarding infringement) and some different claims may be involved in the infringement analysis for each product. We respectfully disagree but acknowledge that this situation presents a close call, particularly in light of the order of Northern District of Illinois Judge Ruben Castillo severing the defendants from a single action, denying pretrial consolidation before him in the Northern District of Illinois for discovery purposes and a *Markman* hearing, and transferring all actions to their current district. *See Body Sci. LLC v. Boston Scientific Corp.*, No. 11-03619 (N.D. Ill. Mar. 6, 2012) (noting, *inter alia*, that different documents, technical drawings, and witnesses will be solicited from each defendant regarding the various allegedly infringing products).

-2-

Centralization, however, will allow a single judge – as opposed to the now five judges in five districts – to preside over discovery relating to the two patents at issue (which will inform and aid the consistent construction of the patents' claims) and to consistently rule on challenges to the validity of those patents. To address any unique facts surrounding each defendant's alleged infringement, as we recently noted in *In re Maxim Integrated Products, Inc., Patent Litig.*, the transferee judge may find "prompt remand after the common claims are construed and summary judgment addressed on certain common invalidity grounds" to be appropriate. *In re: Maxim*, __ F. Supp. 2d. __, 2012 WL 2126807, *2 (J.P.M.L. June 11, 2012). As always, we leave the question of when Section 1407 remand is appropriate to the discretion of the transferee judge.

Thus, on the basis of the papers filed and hearing session held, we conclude these five actions involve common questions of fact, and that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions involve factual questions surrounding the alleged infringement, validity and/or enforceability of Body Science's patents concerning wireless medical diagnosis and monitoring equipment. Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings (particularly on the complex and time-consuming matter of claim construction), and conserve the resources of the parties, their counsel and the judiciary.

We are of the view that the District of Massachusetts is the most appropriate transferee district for pretrial proceedings in this litigation. This district is convenient for several parties, inasmuch as both Philips Electronic North America Corp. and Boston Scientific's corporate headquarters are located in Massachusetts, and Polar is based nearby in the Eastern District of New York. All defendants expressing a preference for a transferee district suggest centralization in this district. Additionally, as noted by Judge Castillo, Body Science alternatively suggested transfer of all actions to the District of Massachusetts, so it cannot be said to have serious objections to centralization in this district now. By centralizing this litigation before Judge Nathaniel M. Gorton, we are assigning this docket to an experienced transferee judge who can steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Massachusetts is transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Nathaniel M. Gorton for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

John J. Heyburn II
Chairman

Kathryn H. Vratil     W. Royal Furgeson, Jr.
Barbara S. Jones     Paul J. Barbadoro
Marjorie O. Rendell     Charles R. Breyer

IN RE: BODY SCIENCE LLC
PATENT LITIGATION

MDL No. 2375

## SCHEDULE A

Northern District of California

Body Science LLC v. Boston Scientific Corporation, et al., C.A. No. 3:12-01490

Northern District of Illinois

Body Science LLC v. Boston Scientific Corporation, et al., C.A. No. 1:11-03619

District of Massachusetts

Body Science LLC v. Philips Electronics North America Corporation,
C.A. No. 1:12-10536

District of Minnesota

Body Science LLC v. Boston Scientific Corporation, et al., C.A. No. 0:12-00734

Eastern District of New York

Body Science LLC v. Polar Electro Inc., C.A. No. 2:12-01478

I hereby certify on 9/7/12 that the foregoing document is true and correct copy of the
☐ electronic docket in the captioned case
☒ electronically filed original filed on 8/6/12
☐ original filed in my office on _____
Sarah A. Thornton
Clerk, U.S. District Court
District of Massachusetts
By: _____
Deputy Clerk